# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LOIS CAVENDER, WIDOW OF
CHARLES WINSTON CAVENDER,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0978** (BOR Appeal No. 2046798)
                              (Claim No. 2008041537)

**ALCAN ROLLED PRODUCTS – RAVENSWOOD, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lois Cavender, widow of Charles Winston Cavender, by Robert M. Williams, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alcan Rolled Products – Ravenswood, LLC, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 27, 2012, in which the Board affirmed a December 15, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 25, 2009, decision denying Mrs. Cavender's request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Cavender worked for Alcan Rolled Products. After a number of years, Dominic Gaziano, M.D., found that Mr. Cavender had developed asbestosis with a mild degree of pulmonary impairment. The Occupational Pneumoconiosis Board also found that Mr. Cavender had occupational pneumoconiosis but no impairment. The claims administrator granted Mr. Cavender a 5% permanent partial disability award for occupational pneumoconiosis. On October

20, 2007, Mr. Cavender died. His death certificate listed the cause of death as hypoxia, pulmonary embolism, and esophageal cancer. Mrs. Cavender then filed for dependent's benefits based on her husband's death. But the Occupational Pneumoconiosis Board examined the evidence in the record and found that occupational pneumoconiosis was not a materially contributing factor in Mr. Cavender's death. The Occupational Pneumoconiosis Board pointed to an x-ray and CT scan that were taken before Mr. Cavender's death which showed no evidence of occupational pneumoconiosis. On March 25, 2009, the claims administrator denied Mrs. Cavender's request for dependent's benefits. Dr. Gaziano then reviewed Mr. Cavender's medical records. He found that, even though Mr. Cavender had a significant history of cigarette smoking, occupational pneumoconiosis materially contributed to his death. He found that Mr. Cavender's esophageal cancer was related to his occupational pneumoconiosis and that it diminished Mr. Cavender's chances of surviving cancer. Donald L. Rasmussen, M.D., also reviewed Mr. Cavender's medical records and found that occupational pneumoconiosis could have adversely affected his pulmonary embolism. Joseph J. Renn, M.D., then reviewed Mr. Cavender's records and found that there was no relation between Mr. Cavender's cancer and his occupational exposure. John Craighead, M.D., also found that there was no connection between Mr. Cavender's death and his occupational exposure. He found that Mr. Cavender's death was due to complications of esophageal cancer. On December 15, 2011, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on July 27, 2012, leading Mrs. Cavender to appeal.

The Office of Judges concluded that the evidence did not establish that occupational pneumoconiosis was a material contributing factor in Mr. Cavender's death. The Office of Judges concluded that Mr. Cavender's death was due to complications from esophageal cancer and not occupational pneumoconiosis. In making this determination, the Office of Judges placed significant weight on a CT scan taken a month before Mr. Cavender's death, which showed no evidence of occupational pneumoconiosis. The Office of Judges also relied on the findings of the Occupational Pneumoconiosis Board and the opinions of Dr. Renn and Dr. Craighead. The Office of Judges considered the opinion of Dr. Gaziano but found that he supplied no medical or scientific evidence that Mr. Cavender's esophageal cancer was derived from his occupational exposure. The Office of Judges also found that Dr. Gaziano's and Dr. Rasmussen's opinions were inconsistent with the CT scan which showed no evidence of occupational pneumoconiosis. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mrs. Cavender has not demonstrated that she is entitled to dependent's benefits based on her husband's death. Mrs. Cavender had not demonstrated that occupational pneumoconiosis contributed in any material degree to her husband's death. *Bradford v. Workers' Comp. Comm'r*, 185 W.Va. 434, 442, 408 S.E.2d 13, 21 (1991). Although Dr. Gaziano and Dr. Rasmussen both found that occupational pneumoconiosis materially contributed to Mr. Cavender's death, their opinions are not supported by the medical evidence in the record. The CT scan taken before Mr. Cavender's death showed no evidence of occupational pneumoconiosis and was consistent with esophageal cancer. Dr. Gaziano's and Dr. Rasmussen's opinions are also contradicted by the findings of the Occupational Pneumoconiosis Board and the opinions of Dr. Renn and Dr. Craighead. The evidence in the record shows that Mr. Cavender's death was caused by

esophageal cancer and that occupational pneumoconiosis did not materially contribute to his death.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II